708 F.2d 1421
 G.I. TRUCKING COMPANY, La Salle Trucking Company, and
California Cartage Company, Petitioners,
v.
The UNITED STATES of America and the Interstate Commerce
Commission, Respondents.
 No. 81-7298.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 8, 1982.
Decided June 22, 1983.
 
 Donald Murchison, Murchison & Davis, Los Angeles, Cal., Paul F. Sullivan, Washington, D.C., for petitioners.
 Cecelia E. Higgins, I.C.C., Washington, D.C., for respondents.
 On Petition for Review of an Order of the Interstate Commerce Commission.
 Before KENNEDY, POOLE, and REINHARDT, Circuit Judges.
 KENNEDY, Circuit Judge:
 
 
 1
 Petitioners challenge the grant of a certificate to a competing carrier. The Interstate Commerce Commission granted a certificate to Auto Express Mexicano, a Mexican carrier, to provide service between the Mexican border and San Francisco, Los Angeles, and San Diego. Auto Express has equivalent authority from Mexican authorities to provide service between the border and points in the interior of Mexico. This dual authority will enable it to offer single line service between points in Mexico and the United States without a change of carrier at the border.
 
 
 2
 Petitioners are American carriers authorized to provide service between the Mexican border and various points in California. They are not authorized to transport goods within Mexico and assert that under Mexican law, non-Mexican carriers cannot obtain such authority. As a result, they cannot offer single line service between points in Mexico and points in the United States.
 
 
 3
 Petitioners' principal contention is that the Commission erred in failing to consider Mexican nonreciprocity as a relevant factor in its decision to grant an operating certificate to a carrier based in Mexico. They assert that nonreciprocity must necessarily be considered under the Revised Interstate Commerce Act, 49 U.S.C. Sec. 10101, et seq., since the grant of a certificate to a Mexican carrier with through service privileges necessarily and adversely affects their competitive position. Without explaining its reasons and without granting a hearing on the facts of the case, the Commission rejected nonreciprocity as a relevant factor in its determination.
 
 
 4
 After the Commission action granting the licensing to Auto Express, but before consideration of the petition in this court, three separate departments of the government of the United States, the Department of State, the Department of Commerce, and the Department of Transportation, in a subsequent proceeding, Permisionarios de Express y Carga Common Carrier Application, No. 141313 (Sub-No. 1), requested the Commission to give express consideration to the issue of foreign reciprocity. It appears to be a fair summary to say that the State Department position is that reciprocity must be assured if the standard of public convenience and necessity is to be met; that the Department of Commerce position is that reciprocal licensing is consistent with, if not required by, the Trade Act of 1974, 19 U.S.C. Sec. 2101, et seq., and is also consistent with stated national transportation policy, 49 U.S.C. Sec. 10101; and that the Department of Transportation believes consideration of reciprocity will "promote competition and efficient transportation service." 49 U.S.C. Sec. 10101(a)(2). The Commission thereupon announced it would consider the reciprocity issue in that proceeding. In the instant case, however, the Commission has expressly declined to reopen the matter to consider the reciprocity issue.
 
 
 5
 We are not required to decide significant questions of statutory interpretation without having the agency's own analysis and interpretation before us. Where there are alternative policies to be chosen to implement a statute, the agency should make the initial determination and articulate the basis for its decision. See 4 K. Davis, Administrative Law Treatise Sec. 22.4 at 95 (2d ed. 1983) ("[s]everal Supreme Court cases ... may be interpreted to enunciate the basic idea that statutes agencies administer should be interpreted by the agencies before the courts interpret them.") (citing Eastex, Inc. v. NLRB, 437 U.S. 556, 568, 98 S.Ct. 2505, 2513, 57 L.Ed.2d 428 (1978)). The agency's position, moreover, must be both discernible and clear, see Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 196-97, 61 S.Ct. 845, 853-54, 85 L.Ed. 1271 (1941); see also Niedert Motor Service, Inc. v. United States, 583 F.2d 954, 962 (7th Cir.1978); and failure of the Interstate Commerce Commission to address arguments pertinent to the grant of the certificate or to adequately explain its reasons for its action requires that the Commission's action be set aside. Humboldt Express, Inc. v. ICC, 567 F.2d 1134 (D.C.Cir.1977); see also Pitre Bros. Transfer, Inc. v. United States, 580 F.2d 140 (5th Cir.1978). This analytical framework is a precondition for effective judicial review, especially where the expertise of the agency is useful in explaining the underlying premises for the policies being presented, and is essential if the courts are to approach precision in their task of determining whether the agency is following a reasoned decisionmaking process.
 
 
 6
 On the record developed in this proceeding to date, we see no basis for the Commission's rejection of the petitioners' argument based on reciprocity. The Commission's position is especially puzzling in view of its announced intention to declare its position in similar applications now pending before it.
 
 
 7
 Accordingly, we vacate the Commission's grant of a certificate to Auto Express Mexicano. The case is remanded to the Commission for consideration of the foreign reciprocity arguments raised by petitioners and such other questions of law and fact that materially bear upon the issuance of the certificate to the applicant.
 
 
 8
 VACATED and REMANDED.